# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN JEAN MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES MORA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-CV-00358-AWI-SMS-P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION TO SET ASIDE JUDGMENT<br><br>(Doc. 10) |

I.　　Order

　　A.　　Procedural History

Plaintiff Daren Jean Miller ("plaintiff") is a state prisoner who was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 30, 2006. (Doc. 1.) Plaintiff alleged in his complaint that his parole was wrongfully revoked, in violation of the Due Process Clause, and that neither his preliminary hearing nor his final revocation hearing comported with due process. (Id.) Plaintiff sought money damages and injunctive relief, including an order requiring defendants to dismiss the charge and recalculate his time assessment. (Id.) On May 30, 2006, the Court dismissed this action, without prejudice, for failure to state a claim upon which relief may be granted under section 1983. (Doc. 9.) On June 15, 2006, plaintiff filed a motion for the appointment of counsel and to set aside judgment. (Doc. 10.)

　　B.　　Motion Seeking Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent

1  plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern
2  District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional
3  circumstances the Court may request the voluntary assistance of counsel pursuant to section
4  1915(e)(1). Rand, 113 F.3d at 1525.

5      Without a reasonable method of securing and compensating counsel, the Court will seek
6  volunteer counsel only in the most serious and exceptional cases.  In determining whether
7  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
8  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
9  of the legal issues involved." Id. (internal quotation marks and citations omitted).

10      In the present case, the Court does not find the required exceptional circumstances.  Even if
11  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
12  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
13  similar cases almost daily.  Further, in light of the fact that this action has been dismissed for failure
14  to state a claim and plaintiff's motion for set aside judgment is not meritorious, as discussed in the
15  subsection that follows, plaintiff cannot succeed on the merits at this time.  Finally, based on a
16  review of the record in this case, the Court does not find that plaintiff cannot adequately articulate
17  his claims. Id.  Accordingly, plaintiff's motion for the appointment of counsel shall be denied.

18      C.    Motion to Set Aside Judgment

19      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
20  district court.  The Rule permits a district court to relieve a party from a final order or judgment on
21  grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse
22  party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.
23  P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not
24  more than one year after the judgment, order, or proceeding was entered or taken." Id.

25      Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin
26  Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
27  (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce
28  the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In its order dismissing this action, the Court stated,

> [w]hen a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.
>
> Plaintiff may not at this time bring a civil rights action arising out of his allegedly wrongful parole revocation. Plaintiff's sole remedy is to file a petition for writ of habeas corpus. Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

(Doc. 8, 2:3-17.)

Plaintiff argues that the Court erred in dismissing this action and that he is entitled to proceed with his complaint. Plaintiff is seeking, in part, damages stemming from his allegedly unconstitutional parole revocation and an order dismissing the charge of threatening/harassing another against plaintiff, recalculating the time assessment, and expunging the charge of threatening/harassing another. (Doc. 1, Comp., pp. 17-18.) Plaintiff's section 1983 action is clearly barred at this juncture. Wilkinson, 544 U.S. at 81-82 ("[A] state prisoner's § 1983 action is barred

///

1 . . . if success in that action would necessarily demonstrate the invalidity of confinement or its
2 duration.); <u>Nonette v. Small</u>, 316 F.3d 872, 875- (9th Cir. 2002).

3      Plaintiff, who has a habeas petition pending, argues that the Court's decision to dismiss this
4 action is contrary to <u>Young</u>, 907 F.2d at 878, and that under <u>Young</u>, this action should have been
5 stayed pending plaintiff's completion of the state remedies rather than dismissed. The Ninth Circuit
6 issued its decision in <u>Young</u> in 1991. In 1994, the United States Supreme Court issued its decision
7 in <u>Heck</u>, holding that a prisoner "has *no* cause of action under § 1983 unless and until the conviction
8 or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."
9 <u>Heck</u>, 512 U.S. at 489 (emphasis added). In holding in <u>Young</u> that the action should be stayed rather
10 than dismissed, the Ninth Circuit was concerned with the possibility that the limitations period on
11 a section 1983 action might run before the prisoner exhausted the state remedies, a process that can
12 take years. <u>Young</u>, 907 F.2d at 878. The Supreme Court addressed this concern in <u>Heck</u>, stating that
13 "the statute of limitations poses no difficulty while state challenges are being pursued, since the §
14 1983 claim has not yet arisen." <u>Heck</u>, 512 U.S. at 489. Accordingly, plaintiff's contention that this
15 Court is bound to stay these proceedings pending exhaustion and erred by dismissing the action is
16 without merit.

17      Plaintiff has no cause of action under section 1983 at this time. Plaintiff's sole remedy is his
18 pending writ of habeas corpus.

19      D.   <u>Conclusion and Order</u>
20      Based on the foregoing, it is HEREBY ORDERED that:
21      1.   Plaintiff's motion for the appointment of counsel, filed June 15, 2006, is DENIED;
22      2.   Plaintiff's motion to set aside judgment, filed June 15, 2006, is DENIED; and
23      3.   No further motions for reconsideration will be considered.

25 IT IS SO ORDERED.

26 **Dated:   July 22, 2006**              /s/ **Anthony W. Ishii**
0m8i78                          UNITED STATES DISTRICT JUDGE